NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THOMAS ELLIS, | : | Civil Action No.: 09-2838(DMC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | O P I N I O N |
| | : | |
| BJ's WHOLESALE CLUB, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Thomas Ellis, Pro Se
#219079
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07032

**CAVANAUGH**, District Judge

Plaintiff, Thomas Ellis, is currently confined at the Hudson County Correctional Center, Kearny, New Jersey. Plaintiff seeks to bring this action in forma pauperis, alleging violations of his constitutional rights.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed.

## BACKGROUND

Plaintiff states that on March 19, 2009, he committed a shoplifting offense at BJ's Wholesale Club in Jersey City. Plaintiff refers this Court to various police reports and documentation that he attaches to his complaint.  The paperwork attached to the complaint notes that Plaintiff committed a robbery, as he pushed and punched the BJ's store manager, defendant Mr. Ellison, with a closed fist while attempting to exit the store.  Defendant Ellison was able to subdue Plaintiff and keep him in the security office until the police arrived. Plaintiff asserts that he did not commit a robbery; rather, the reporting officer, defendant Vogt, is a friend of Ellison's, and they concocted the false robbery story.  As evidence to his claims, Plaintiff states that Ellison had no facial injuries, and no pictures were taken of him after the alleged attack by Plaintiff.  Plaintiff states there is a videotape from BJ's which substantiates his claims.

Plaintiff asserts that defendant Ellison lied and defamed him, and that defendant Vogt committed official misconduct in fabricating the robbery charge.  Plaintiff also charges defendant Ellison with excessive force for causing Plaintiff to fall to the ground during his pursuit of Plaintiff at BJ's.

Plaintiff asks for monetary relief.

2

DISCUSSION

A.    Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled

3

allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

4

B.    **Section 1983 Actions**

    A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

    Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.    **Plaintiff's Claims Will Be Dismissed.**

    1.    Plaintiff's Claims are Barred by *Younger.*

    It appears that Plaintiff is challenging the sufficiency of the evidence against him, with regard to his pending state court criminal case.

    However, Plaintiff's claims regarding ongoing state criminal proceedings are essentially a matter of state law procedure.  It is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain

from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings).  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, if state proceedings implicating important state interests are ongoing, Plaintiff has the opportunity to raise his instant claims in those proceedings. Thus, Plaintiff must present his complaints about his criminal proceedings to the court in which his action is pending. Therefore, Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

2.   Plaintiff's Claims Regarding his Underlying Criminal Case are Barred by _Heck_.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court*s issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has _not_  been so invalidated is not cognizable under § 1983.

7

512 U.S. at 486-87 (footnote omitted).  The Court further
instructed district courts, in determining whether a complaint
states a claim under § 1983, to evaluate whether a favorable
outcome would necessarily imply the invalidity of a criminal
judgment.

> Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff*s action,
> even if successful, will not demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that
"a § 1983 cause of action for damages attributable to an
unconstitutional conviction or sentence does not accrue until the
conviction or sentence has been invalidated."  Id. at 489-90.

"Considering Heck and summarizing the interplay between
habeas and § 1983 claims, the Supreme Court recently explained
that, 'a state prisoner's § 1983 action is barred (absent prior
invalidation) - no matter the relief sought (damages or equitable
relief), no matter the target of the prisoner's suit (state
conduct leading to conviction or internal prison proceedings) -
if success in that action would necessarily demonstrate the
invalidity of the confinement or its duration.'"  Williams v.

8

Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v.

Dotson, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

The claims asserted by Plaintiff regarding the investigation

and evidence against him are the type of claims that would

necessarily demonstrate the invalidity of his confinement.

Accordingly, these claims have not yet accrued and must be

dismissed, without prejudice.  See Wallace v. Kato, 549 U.S. 384

(2007); Adams v. City of Oakland, 1995 WL 150562 (N.D. Cal.

1995).

    3.   BJ's and Ellison are not State Actors Subject to Suit.

Here, Plaintiff seeks to sue a private business and its

private citizen manager for violations of his constitutional

rights.  However, Plaintiff pleads no facts to suggest that BJ's

Wholesale Club, or its employees, were state actors.

A private entity can be sued under § 1983 where (1) it "has

exercised powers that are traditionally the exclusive prerogative

of the State, Mark, 51 F.3d at 1142; (2) the State and the

private party act in concert or jointly to deprive a plaintiff of

his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171

(1970); (3) the State has permitted a private party to substitute

his judgment for that of the State, Cruz v. Donnelly, 727 F.2d

79, 81-82 (3d Cir. 1984); or (4) the private party and the State

have a symbiotic relationship as joint participants in the

unconstitutional activity, <u>Edmonson v. Leesville Concrete Co., Inc.</u>, 500 U.S. 614, 620 (1991); <u>Mark</u>, 51 F.3d at 1143.

Applying these principles to the instant case, Plaintiff does not allege any facts indicating that defendant BJ's Wholesale Club is a state actor or otherwise acted under color of state law. <u>See</u> <u>DeShaney v. Winnebago County Dept. of Social Services</u>, 489 U.S. 189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals . . . have no right to be free from infliction of [constitutional] harm by private actors"); <u>Jones v. Arbor, Inc.</u>, 820 F. Supp. 205, 208 (E.D. Pa. 1993) (plaintiff did not allege that defendant corporation was a state actor or had such a symbiotic relationship with the state so as effectively to be an instrumentality of the state).

Further, defendant Ellison, a private citizen and manager of the BJ's store, is not a state actor for purposes of § 1983. Therefore, the claims against BJ's and Ellison will be dismissed.

3.   <u>State Law Claims</u>

Plaintiff asserts that defendant Ellison defamed him by stating that Plaintiff punched him and committed a robbery.

Any potential state law claims regarding this incident will be dismissed by this Court, pursuant to 28 U.S.C. § 1367(c)(3),

which states that where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, and because the Court is dismissing Plaintiff's complaint under § 1915, this Court will also dismiss Plaintiff's state law claims without prejudice to the Plaintiff bringing the claims in state court if he so chooses.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's complaint is dismissed as to all defendants.  An appropriate order follows.

DENNIS M. CAVANAUGH
United States District Judge

Dated: 7/27/09